UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) ) ) ) | |
| v. | ) ) ) | Criminal No.: 4:22-cr-40025-MRG |
| **LUIS TORRES,** | ) ) ) | |
| **Defendant** | ) ) | |

**MEMORANDUM AND ORDER**

**GUZMAN, J.**

**Introduction**

Defendant Luis Torres ("Mr. Torres") is charged by indictment with two drug offenses. After a March 17, 2023, hearing on Mr. Torres' motion for reconsideration of detention, Magistrate Judge Hennessy of the United States District Court for the District of Massachusetts determined that pretrial detention was warranted. (ECF No. 31). Pending before this Court is Mr. Torres' motion to revoke the Magistrate Judge's detention order and instead place him on conditional pretrial release. (ECF No. 36). For the reasons stated below, the Court **DENIES** the motion to revoke the detention order, (ECF No. 31), and that order shall remain in effect.

**Procedural History**

On December 13, 2022, Mr. Torres was arrested and charged by indictment with (1) Conspiracy to Distribute and to Possess with Intent to Distribute Five Kilograms or More of cocaine, in violation of 21 U.S.C. § 846; and (2) the Use of a Communication Facility in Facilitating a Drug Felony, in violation of, 21 U.S.C. § 843(b). After an initial appearance and

arraignment held on December 14, 2022, Judge Hennessy found that pretrial detention was warranted. (ECF No. 10). Mr. Torres filed a motion for reconsideration of the court's detention order, which Judge Hennessy subsequently denied. (ECF No. 26; ECF No. 31). Citing Mr. Torres' serious criminal history of trafficking large quantities of controlled substances, his indictment in a separate and ongoing state case, and the danger he poses to the community, Judge Hennessy concluded that no condition or combination of conditions would reasonably assure the safety of any other person and the community. (Tr. Detention Hr'g, ECF No. 40, 23:3-32:2). Mr. Torres appealed, (ECF No. 36), and after review of the pleadings and oral argument transcript, the Court took the matter under advisement.

## Standard of Review

To warrant pretrial detention, the government must prove (1) upon a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance, or (2) upon clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e); United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1980).

Certain charged offenses trigger a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). More specifically, 18 U.S.C. § 3142(e)(3)(A) provides that a presumption of detention arises when "there is probable cause to believe that the person committed" certain drug offenses, including an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or Chapter 705 of Title 46. 18 U.S.C. § 3142(e)(3)(A). The drug charge Mr. Torres faces is a serious offense under the Controlled Substances Act that is

2

punishable by ten years or more and is subject to this statutory presumption. Id. Accordingly, Mr. Torres bears the burden of producing "some evidence" to rebut the presumption. United States v. Rebollo-Andino, 312 F. App'x 346, 348 (1st Cir. 2009).

In determining whether either party has met their burden regarding whether there are conditions of release that will reasonably assure the defendant's appearance and public safety as required, the Court must consider the factors under 18 U.S.C. § 3142(g) ("Section 3142(g) factors"). United States v. DeBerardinis, No. 21-cr-10292-ADB, 2022 WL 488465, at *3 (D. Mass. Feb. 17, 2022), aff'd, No. 22-1123, 2022 WL 3588878 (1st Cir. June 3, 2022). These factors include: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger that the defendant's release would pose. 18 U.S.C. § 3142(g).

A party challenging a magistrate judge's order of release or detention is entitled to a *de novo* review by the district court. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990); see United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017) (holding that district court review of magistrate order is *de novo*). In conducting its *de novo* review, "the Court may reject the magistrate judge's fact finding and start the hearing anew or may accept the findings of fact made by the magistrate and hear additional facts and argument." Oliveira, 238 F. Supp. 3d at 167. The Court adopts the latter approach. "Where, as here, a court examines the detention order without taking new evidence, a degree of deference to the factual determinations of the Magistrate tempers the independent review." United States v. Mubarak, No. 20-CR-10300-ADB, 2021 WL 242049, at *3 (D. Mass. Jan. 25, 2021) (quoting United States v. McForbes, 109 F. Supp. 3d 365, 367 n.2 (D. Mass. 2015)).

**Discussion**

I.     **Rebuttable Presumption**

On a *de novo* review of the record, the Court finds that Mr. Torres offered some evidence to rebut the statutory presumption of detention. The evidence offered includes his family ties and continuous long-term residency in Worcester, as well as his ongoing need for local medical treatment for end-stage renal disease. Mr. Torres is forty-five years of age and was born in Puerto Rico but has lived in Worcester, Massachusetts since he was a teenager. (ECF No. 40 24:14-18). Additionally, Mr. Torres' mother, sister, and minor child all live in Worcester. (Id. at 24:19-25). Further, Mr. Torres stated that he would be receiving medical treatment for his kidney condition in Worcester. (Id. 25:13-18). And he would be eligible for a kidney transplant at UMass Memorial Medical Center in Worcester upon release. (ECF No. 36 ¶ 11). These factors lead the Court to conclude that Mr. Torres has rebutted the statutory presumption of detention regarding risk of flight. But in weighing the Section 3142(g) factors, the Court finds that (1) Mr. Torres has failed to rebut the presumption of detention on dangerousness; and (2) the Government has met its burden by showing by clear and convincing evidence that no combination of release conditions will reasonably assure the safety of the community. See 18 U.S.C. § 3142(e)(3)(A).

II.    **Nature and Circumstances of the Offenses Charged**

As to the nature and circumstances of the offenses charged, the Court finds that Mr. Torres was arrested on the instant charges while on pre-trial release from pending state court criminal charges. (ECF No. 40 20:17-21; Pretrial Services Report at 8). Mr. Torres had an explicit legal obligation to refrain from criminal activity while on release and his failure to comply with this

condition demonstrates both a contempt for the Court's orders and a risk to the safety of the community.  As such, this factor weighs against granting pre-trial release in this instance.

    **III.**    **Weight of the Evidence**

The Court finds there is limited information in the record as to the weight of the evidence presented against Mr. Torres.  A grand jury indicted Mr. Torres, meaning the grand jury found probable cause to charge him with the present offenses.  (ECF No. 1).  Beyond the indictment, the Court does not have any further information to evaluate the weight of the evidence.  Accordingly, the Court holds this factor as neutral.

    **IV.**    **History and Characteristics of the Defendant**

Mr. Torres moved to Worcester in 1997 at the age of nineteen and has essentially lived in the city since he arrived.  (ECF No. 40 14:16-22; Pretrial Services Report at 1).  Mr. Torres' criminal record shows that within two years of arriving, he began trafficking in controlled substances and has repeatedly done so up until the present.

Apart from the present offenses, which carry significant potential prison penalties, Mr. Torres' criminal history consists of multiple repeat offenses, including many controlled substance offenses.  In 1999, Mr. Torres was convicted for distributing heroin and sentenced to one to three years in prison.  (Pretrial Services Report at 3).  In 2000, Mr. Torres was convicted for escaping state prison.  (Id.)  In 2003, Mr. Torres was convicted of possession with intent to distribute heroin, a subsequent offense, and received a year and a half in prison.  (ECF No. 40 27:12-14; Pretrial Services Report at 4).  In 2008, Mr. Torres was convicted of trafficking twenty-eight to a hundred grams of a controlled substance and received six to nine years in prison.  (Pretrial Services Report at 4).  Since 2009, Mr. Torres has been charged in at least seven other criminal matters and also

has a pending case in Massachusetts Superior Court (Docket No. 2185CR00237) relating to carrying a firearm without a license. (ECF No. 40 27:23-28:6; Pretrial Services Report at 6). Mr. Torres' lengthy criminal record spans over two decades and shows that prior punishments for violating the law have not deterred him from continuing to engage in criminal activity.

Mr. Torres' counsel has raised two arguments in favor of a more lenient approach—his history of substance use and his current medical condition. Counsel for Mr. Torres opines in his appeal that Judge Hennessy mischaracterized Mr. Torres' substance use disorder as "unlike a scenario where a defendant sells illegal drugs in order to feed a drug dependency." (ECF No. 36 ¶ 6). In noting that Pretrial Services reported that Mr. Torres had been taking around eight prescription opiate pills a day at the time of the charged actions, Counsel asserts that Mr. Torres was suffering from a drug dependency that should bear on any detention consideration. (Id. at ¶ 6; Pretrial Services Report at 2). While Judge Hennessy may not have directly considered Mr. Torres' personal opiate usage, the hearing transcript shows that, in considering the level of danger that Mr. Torres poses, Judge Hennessy was most concerned with the quantity of drugs that Mr. Torres allegedly dealt. (ECF No. 40 26:9-21). Judge Hennessy stated, "[t]his is not a case of someone who's dealing in *minor* quantities of a drug in order to support a habit." (Id. at 26:12-14 (emphasis added)). Instead, Judge Hennessy implied, this is a case of "somebody who is just possessing an *enormous amount* of cocaine that is going to jeopardize the health of many people, *many people beyond this defendant*, jeopardize the community, jeopardize the families, who may be affected by the distribution of that drug." (Id. at 26:16-20 (emphasis added)). The Court agrees.

While Mr. Torres may have a substance use disorder that should bear on consideration of the § 3142(g) factors, this Court finds that, given the sheer volume of cocaine allegedly trafficked in this case—five kilograms or more—Mr. Torres' situation does not call for the type of leniency

6

that might be extended to a substance-dependent defendant who deals minor quantities of a drug to support a habit. Rather, the Court finds that the sizeable amount of controlled substances Mr. Torres is charged with trafficking weighs in favor of detention.

With respect to his medical condition, Mr. Torres has end-stage renal disease and has been on dialysis since December 2020. (ECF No. 36 ¶ 9). He is medically required to receive dialysis treatment three times per week, along with other supportive procedures and testing. (Id.). Mr. Torres is currently incarcerated at the Suffolk County Jail, and his records reflect that he is receiving appropriate medical care from that institution. (ECF No. 40 31:4-10). Mr. Torres' doctors have indicated that he needs a kidney transplant, and he was accepted as a transplant candidate and added to the UMass Memorial/United Network for Organ Sharing. (ECF No. 36 ¶ 11). But once Mr. Torres became incarcerated, he was designated as "temporarily inactive" on the kidney transplant waitlist because he is not having monthly blood work required by the program and because he is unavailable to be reached if a donor were to become available. (Id.). Thus, conditional release could permit Mr. Torres to be placed back on the active deceased donor transplant list and qualify for an emergency transplant should a donor become available. (Id. at ¶ 13).

While the Court notes the seriousness of Mr. Torres' medical condition, it must be weighed against the danger he poses to the community. The Court is most troubled by the fact that despite the severity of his medical situation, Mr. Torres still engaged in the criminal activity at issue in this case, which occurred well after his diagnosis and when he was already experiencing some kidney failure. The Court takes judicial notice of the fact that the average wait time for a kidney transplant from a deceased donor is 3 to 5 years. *Adult Kidney Transplant*, UMASS MEM'L HEALTH (last visited May 26, 2023), https://tinyurl.com/umass-adult-kidney-transplant. Mr. Torres is

7

asking for leniency for an eventuality that could take years to materialize, if ever. Further, leniency is not appropriate when considering the scale of Mr. Torres' drug dealing activity, his long criminal history, including probation violations, and the fact that his condition has not inhibited him from engaging in new criminal activity. Taken as a whole, the history and characteristics of the defendant also support a finding that continued detention is necessary.

V. *Nature and Seriousness of Danger Posed by Release*

In light of the seriousness of the charges facing Mr. Torres, his significant past history of similar conduct, the scale of the drug trafficking operation he is alleged to have engaged in, and the lengthy sentence he may face, the Court finds that Mr. Torres' release would pose a serious danger to the community.

## Conclusion

Based upon a *de novo* review of the Section 3142(g) factors, this Court finds that although Mr. Torres has rebutted the statutory presumption of detention that there are no condition or combination of conditions that will reasonably assure his appearance, he has failed to rebut the presumption regarding dangerousness. His failure to rebut this prong of the detention analysis is by itself enough to mandate detention. Still, the Court also finds that the Government has met its burden by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the community.

Accordingly, the Court DENIES the appeal of the detention order, (ECF No. 31), and it shall remain in place pending trial.

**So Ordered.**

                                             /s/ Margaret R. Guzman
                                             The Hon. Margaret R. Guzman
Dated: June 22, 2023                  United States District Judge